FILED
 2008 Jun-11 PM 02:02
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BETTY T. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-G-00325-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

The plaintiff, Betty T. Hughes, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;

(2)   whether she has a severe impairment;

(3)   whether her impairment meets or equals one listed by the Secretary;

(4)   whether the claimant can perform her past work; and

(5)   whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. Id.

In the instant case, ALJ Joseph Schloss determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment. In his decision, the ALJ found that the plaintiff is capable of performing her past relevant work. [R. 21]. Accordingly, the ALJ found the Plaintiff not to be disabled.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively

determined medical condition is of such a severity that it can be reasonably
expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING
## THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."  McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...."  McGregor, 786 F.2d at 1053.  If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

The ALJ found that the plaintiff has the "severe" impairments of:

> a history of asthma and sarcoidosis, history of left knee arthroscopy surgery, reported right knee pain and arthroscopic surgery in May 2005, lumbar spine degenerative disk disease and right upper extremity pain secondary to mild carpal tunnel syndrome symptoms.

[R. 21]. On December 19, 2003, the plaintiff's treating physician, Charles B. Crow, III, M.D., found that the plaintiff had "grade I anterior listhesis of L-4 on L-5 with severe bilateral foraminal encroachment of her vertebral body translation. Disc shows a pseudo-protrusion at this level." [R. 192]. A September 16, 2003, MRI ordered by Dr. Crow confirms:

1) Left intra and extraforaminal herniation at L3-4 level as well as posterior central protrusion.

2) Grade I anterolisthesis of L4 on L5 with pseudoprotrusion and bilateral intraforaminal rootlet compression.

3) Posterior and leftward disc protrusion and left foraminal narrowing at the L5-S1 level.

[R. 115].

In a March 22, 2004, Physical Capacities Evaluation, Dr. Crow found that the plaintiff was limited to lifting or carrying five pounds occasionally or less, and was limited to sitting, standing and walking a total of two hours combined in an eight-hour day. [R. 188]. Dr. Crow's Clinical Assessment of Pain found that the plaintiff's "[p]ain is present to such an extent as to be distracting to adequate performance of daily activities or work." [R. 189]. Dr. Crow stated that the plaintiff's underlying medical condition,

6

sarcoidosis, was consistent with the pain she experiences. [R. 190]. The ALJ gave Dr. Crow's opinions little evidentiary weight because "Dr. Crow's opinions are generally unsupported by the record as a whole and his own records of the claimant's medical treatment." [R. 20]. However, this finding is inconsistent with the record as stated above. Applying the Eleventh Circuit's pain standard, it is clear that the plaintiff's treating physician has diagnosed an underlying medical condition of such severity that it could reasonably give rise to the pain alleged. As noted above, the MRI shows objective evidence of disc protrusion, nerve root compression and foraminal narrowing. [R. 115]. Because the ALJ failed to properly refute the plaintiff's treating physician, the opinion of Dr. Crow must be accepted as true.

      Moreover, a February 17, 2004, physical examination by the Commissioner's own consulting examiner, John Lisiak, D.O., found that the plaintiff "would likely be limited to two to perhaps four hours of sitting *or* standing in an eight-hour period." [R. 173].(emphasis added). The ALJ concluded that Dr. Lisiak found that the plaintiff "was limited to a range of light work activity . . . ." [R. 20]. This conclusion is not based upon substantial evidence, because nowhere in Dr. Lisiak's opinion was this finding made. A fairer reading of Dr. Lisiak's report is that the plaintiff is not able to work an eight-hour day.

      In attempting to discredit the plaintiff's testimony, the ALJ stated the following:

> The timing of the claimant's application for disability benefits is suspicious. The claimant was diagnosed with the right upper extremity carpal tunnel syndrome symptoms, low back pain, left knee pain, asthma and sarcoidosis while she was still working. She admitted in her testimony that her employer was downsizing and that she took an early retirement and severance package of $24,000. The claimant admitted to her treating physician that she was "retired" (Exhibit 3F, p. 1). Subsequent to her early retirement, the claimant then files for disability benefits alleging that she is unable to work. Yet, she was working while she had the alleged impairments.

[R. 19]. This conclusion by ALJ Schloss is improper and is in no way based upon substantial evidence.

The plaintiff's alleged onset date of disability is June 1, 2003. [R. 21]. The plaintiff testified that she accepted an offer for early retirement beginning May 24, 2003. [R. 332]. She testified that even if her employer[1] had not offered incentives to retire, she would not have been able to work because of her back pain and asthma. [R. 333]. Moreover, the plaintiff underwent a September 17, 2003, treating examination by Thomas A. Staner, M.D., a neurosurgeon, on referral from Dr. Crow. Dr. Staner reported to Dr. Crow that:

> Betty has had pain down the right hip and leg for one year now. Usually it is 6 on a scale of 1-10, but it can be more severe. *In fact, it is progressively increasing in severity since June when she had to quit her job because of this pain*.

[R. 163](emphasis added). In light of the plaintiff's own testimony and that of her treating physicians, it was improper for the ALJ to base his decision on such unstated

---

[1] The plaintiff has held one job for 30 years: a customer service representative for a telephone utility. [R. 21]. She should be credited with a good work ethic.

8

reasons or hunches. Judge Johnson eloquently stated the proper role of an ALJ in his concurring opinion in Marbury v. Sullivan, as follows:

> An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of claimant's treating physicians: "Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). . . . An ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.

957 F.2d 837, 840-41 (11th Cir. 1992)(emphasis in original). Because the ALJ's reasons for refusing to credit the plaintiff's pain testimony are not supported by substantial evidence, her testimony must be accepted as true.

## CONCLUSION

This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). No evidence contradicts the opinions of Drs. Crow and Staner. Dr. Lisiak, the Commissioner's own consultant, essentially agrees with those opinions. In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. Id.

DONE and ORDERED 11 June 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.